UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDWARD BISSAU MENDY                                    CIVIL ACTION

VERSUS                                                              NO. 24-2765

CORNELL PENDLETON, ET AL.                        SECTION "R" (3)

## ORDER AND REASONS

Before the court is the motion to dismiss of defendants Jay Daniels and

Infinity Title under Federal Rules of Civil Procedure 12(b)(1), 12(b)(7), and

19(b).[1] Plaintiff opposes this motion in an untimely memorandum.[2] For the

following reasons, the Court dismisses the cases for lack of subject-matter

jurisdiction.

## I.    BACKGROUND

On November 26, 2024, *pro se* plaintiff Edward Mendy filed this action

in federal court asserting multiple claims against defendants involving an

alleged breach of contract related to a failed real estate transaction.  In his

complaint, Plaintiff asserted that the Court has jurisdiction over the action

pursuant to 28 U.S.C. § 1332 based on diversity of citizenship.[3]  He alleged

---

[1]    R. Doc. 3.
[2]    R. Doc. 4.
[3]    R. Doc. 1 ¶ 1.

1

that defendants are citizens of Louisiana, but that he is a citizen of the State of New Jersey with a principal place of residence in Morris County, New Jersey.[4]

Defendants Jay Daniels and Infinity Title now move to dismiss the case for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and for failure to join an indispensable party under Federal Rule of Civil Procedure 12(b)(7). Movants argue that Mendy is in fact a citizen of Louisiana, and therefore complete diversity is lacking. Movants additionally assert that Mendy failed to join Mendy Brothers, a Louisiana limited liability company, as an indispensable party only to maintain his claim of complete diversity. On January 27, 2025, plaintiff filed a memorandum in opposition to the motion.[5] Plaintiff's opposition memorandum was untimely. *See* E.D. La. L.R. 7.5 ("Each party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date."). The Court considers the motion below.

---

[4]  *Id.* ¶ 7.
[5]  R

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court must "consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by the undisputed facts plus the court's resolution of disputed facts." *Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017) (quoting *Barrera-Montenegro*, 74 F.3d at 659); *see also Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (holding that a district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case" when examining a factual challenge to subject-matter jurisdiction that does not implicate the merits of a plaintiff's cause of action). The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Spokeo v. Robins*, 578 U.S. 330, 338 (2016).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and plaintiffs and defendants must be completely diverse. See 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). When a plaintiff and a defendant are citizens of the same state, complete diversity is ordinarily lacking. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). To be a "citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

## III.  DISCUSSION

Movants Jay Daniels and Infinity factually challenge the Court's jurisdiction under 28 U.S.C. § 1332 and assert that complete diversity is lacking because both plaintiff and defendants are domiciled in Louisiana. The parties do not dispute that defendant Cornell Pendleton is a citizen of Louisiana.[6]

For individuals, "citizenship has the same meaning as domicile," and "the place of residence is *prima facie* the domicile." *MidCap Media Finance, LLC v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (citing *Stine v.*

---

[6]    *See* R. Doc. 1 ¶ 8; R. Doc. 3-1.

4

*Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).  Nevertheless, an allegation of residency alone "does not satisfy the requirement of an allegation of citizenship." *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam).  Citizenship "requires not only '[r]esidence in fact' but also 'the purpose to make the place of residence one's home.'"  *MidCap Media Finance, LLC*, 929 F.3d at 313 (citing *Texas v. Florida*, 306 U.S. 398, 424 (1939)); *see also Coury*, 85 F.3d at 250 ("[M]ere presence in a new location does not effect a change of domicile; it must be accompanied with the requisite intent.").  Courts presume that an individual's domicile continues until there is enough evidence of a change to withstand a judgment as a matter of law. *Coury*, 85 F.3d at 250; *see also Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003) ("A person acquires a 'domicile of origin' at birth, and this domicile is presumed to continue absent sufficient evidence of change.").  To establish a new domicile, a person must therefore demonstrate both (1) residence in a new state and (2) an intention to remain in that state indefinitely. *Acridge*, 334 F.3d at 448.  Courts must consider the domicile as it existed at the commencement of the lawsuit. *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).

Plaintiff filed his complaint on November 26, 2024, alleging that he is a citizen of New Jersey. Although "[a] litigant's statement of intent is relevant to the determination of domicile, . . . it is entitled to little weight if it conflicts with the objective facts." *Coury*, 85 F.3d at 251 (citing *Freemen v. Northwest Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985)). Instead, courts must "look to all evidence shedding light on the litigant's intention to establish domicile," including the places where the litigant "exercises civil and political rights, pays taxes, owns real and personal property, has a driver's or other license, maintains bank accounts, belongs to clubs or churches, has places of business or employment, and maintains a home for his family." *Veranda Assoc., L.P. v. Hooper*, 496 F. App'x 455, 457 (5th Cir. 2012) (quoting *Coury*, 85 F.3d at 251). No single factor is determinative. *Coury*, 85 F.3d at 251. The party attempting to show a change of domicile assumes the burden of going forward on that issue, but the ultimate burden on the issue of jurisdiction still rests with the plaintiff or the party invoking federal jurisdiction. *Id.* at 250.

Mendy fails to meet his burden of showing that he has established a domicile in New Jersey and therefore fails to meet his burden of demonstrating that the Court has subject-matter jurisdiction here. In his untimely opposition memorandum, Mendy asserts that he moved away from

Louisiana in 2004 and has been a citizen of New Jersey since 2007.[7] Although Mendy acknowledges that New Orleans was the last place he shared a marital domicile with his wife of over thirty years, he argues that he has always identified himself as a New Jersey resident and citizen in all litigation since 2007 and asserts that he obtained a driver's license and registered to vote in New Jersey.[8]   Mendy fails to submit any evidence supporting these assertions.

The Court has broad discretion as to whether to consider untimely oppositions to motions.  *Nelson v. Star Enter.*, No. 99-30976, 2000 WL 960513, at *1 (5th Cir. June 15, 2000) (citing *Lowndes v. Global Marine Drilling*, 909 F.2d 818, 819 (5th Cir. 1990)); *see also Vasudevan v. Administrators of Tulan Educ. Fund*, 706 F. App'x 147, 151 (5th Cir. 2017) (affirming a district court's ruling to strike an opposition for lateness).  The Court therefore need not consider any arguments or evidence submitted in Mendy's untimely filing.  *See* E.D. La. L.R. 7.5 ("Motion shall be decided by the court on the basis of the record, including *timely filed* briefs and any supporting or opposing documents filed therewith." (emphasis added)).

---

[7]    *See* R. Doc. 4.
[8]    *Id.* at 6.

Nevertheless, because movants provide ample evidence that either directly refutes or undermines Mendy's assertions, excluding the memorandum would not change the outcome here.  On February 5, 2024, Mendy petitioned for divorce in the Civil District Court for the Parish of Orleans and alleged that the court had subject-matter jurisdiction because "both parties [were] presently domiciled in this state."[9]  On October 10, 2024, one month before Mendy filed this suit, Mendy's wife also asserted that she and Mendy shared a domicile in Louisiana in a divorce filing.[10]  Further, Mendy listed his address on the civil cover sheet of his complaint in this action as 3718 Gentilly Boulevard, New Orleans, Louisiana.[11]  Therefore, Mendy's assertion that he has always identified himself as a New Jersey resident and citizen in all litigation since 2007 is patently false.  Mendy's conflicting statements in different legal proceedings about his domicile indicate that his current representations lack candor and credibility.  *See Coury*, 85 F.3d at 251 (recognizing that the trial court "was entitled to regard [plaintiff's] representations as lacking in candor and credibility" when plaintiff gave conflicting statements about his domicile to suit his legal interests).

---

[9]     R. Doc. 3-1 at 19.

[10]    *Id*. at 24.

[11]    R. Doc. 1-1.

Moreover, Mendy's extensive professional and personal ties in Louisiana further establish his Louisiana citizenship. First, Mendy's 2024 petition for divorce sought the "exclusive use and occupancy of the part of family residence bearing the municipal address 3720 Gentilly, New Orleans, Louisiana," indicating his continued intent to reside in Louisiana.[12] Second, Mendy currently owns and operates a Limited Liability Company in his name domiciled in the State of Louisiana.[13] This Louisiana-based business engages in real estate transactions and acquisitions in New Orleans, Louisiana, as evidenced by the current dispute, and uses the same Gentilly Boulevard address involved in the divorce proceedings as its mailing address.[14] Further, Mendy was admitted to practice law in Louisiana in 1993 and continued to practice law in the state until May 25, 2018, when he was disbarred after a series of suspensions. *See In re Mendy*, 243 So. 3d 538, 540 (La. 2018) ("*Mendy IV*"); *see also In re Mendy*, 217 So. 3d 260 (La. 2016) ("*Mendy III*"); *In re Mendy*, 81 So. 3d 650 (La. 2012) ("*Mendy II*"); *In re Mendy*, 793 So. 2d 1225 (La. 2001) ("*Mendy I*").

By contrast, Mendy does not assert that he owns any property, conducts any business, or has maintained any professional licenses in New

---

[12]    *Id.* at 20.

[13]    R. Doc. 3-1 at 10-17.

[14]    *Id.* at 13.

Jersey.  Mendy alleges that he obtained a driver's license and registered to vote in New Jersey but fails to provide any evidence of either.  Regardless, even if Mendy offered proof, these expedient actions do not outweigh the far more substantial evidence that Mendy remains a citizen of Louisiana. *See, e.g.*, *Salim v. Mountain Express Oil Co.*, 667 F. Supp. 3d 517, 522 (S.D. Tex. 2023) (finding that evidence that plaintiff registered to vote and obtained a driver's license in New Mexico "was far from sufficient" to establish citizenship, and instead "appear[ed] merely expedient.").

Lastly, Mendy's domicile must also be considered in light of his flat representations to defendants in April 2024 that he was a resident of the state of Louisiana.  In the purchase and sale agreement subject of this action, Mendy represented that he was a "resident of . . . the state of Louisiana, individually, and as Manager of the Louisiana Limited Liability Company LLC, Mendy Brothers, LLC."[15]  Mendy provides no evidence that he changed domiciles between the representations he made to the defendants and the filing of this lawsuit.  Mendy's alleged domicile of New Jersey appears to be asserted merely out of expedience.  *See Salim*, 667 F. Supp. at 522 (finding that plaintiff's asserted domicile in New Mexico "strain[ed] credulity" and was "expedient nonsense" when he made multiple representations to

---

[15]    R. Doc. 3-1 at 10.

defendant that he was a citizen of Georgia several months earlier). The Court finds that Mendy has not met his burden of showing that he has established his domicile in New Jersey. Therefore, the Court does not have subject-matter jurisdiction over this case.

In his untimely opposition memorandum, plaintiff seeks leave to amend his jurisdictional allegations under 28 U.S.C. § 1653, rather than face dismissal.[16] But Section 1653, which "addresses only incorrect statements about jurisdiction that actually exist[]," does not provide a mechanism for parties to remedy "defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989). Therefore, plaintiff cannot avail himself of amendment under Section 1653. Because the Court has no subject-matter jurisdiction, it need not consider defendant's motion to dismiss for failure to join an indispensable party under Federal Rule of Civil Procedure 19.

---

[16]    R. Doc. 4 at 6.

## IV.   CONCLUSION

For the foregoing reasons, the Court DISMISSES plaintiff's claims for lack of subject-matter jurisdiction WITHOUT PREJUDICE.


New Orleans, Louisiana, this   12th   day of February, 2025.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE